# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1662V
UNPUBLISHED

| | |
|---|---|
| RICHARD REBELES,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: October 6, 2022<br><br>Special Processing Unit (SPU); Dismissal; Insufficient Proof; Failure to Follow Court Orders; Failure to Prosecute; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*John Robert Howie, Howie Law, PC, Dallas, TX,* for Petitioner.

*Mark Kim Hellie, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION DISMISSING CASE[1]

On October 25, 2019, Richard Rebeles filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that that he suffered a left shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, after receiving an influenza ("flu") vaccine on October 26, 2016. Petition at 1, ¶¶ 1, 6.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Approximately eleven months after filing the petition – in late September 2020, Petitioner filed an amended petition, a signed declaration,[3] and the medical records required by the Vaccine Act. Amended Petition, filed Sept. 25, 2020, ECF No. 13; Exhibits 1-7, filed Sept. 28, 2020, ECF No. 15; *see* Section 11(c). On October 8, 2020, the case was assigned to the Special Processing Unit of the Office of Special Masters. ECF No. 19.

Over the subsequent three-month period, Petitioner filed updated medical records. Exhibits 8-10, ECF Nos. 22, 24, 27. On February 1, 2021, Respondent filed a status report noting the eight-month gap between vaccination and when Petitioner sought treatment for his left shoulder pain but indicating he had not identified any missing medical records or factual issues which needed to be addressed before the medical review. ECF No. 29. I ordered Petitioner to convey a demand and supporting documentation to Respondent while awaiting the medical review. Order, issued Feb. 17, 2021, ECF No. 30.

During the subsequent eight-month period, Petitioner continued to undergo treatment and to collect the documentation needed to support his demand. *E.g.,* Status Report, Sept. 14, 2021, ECF No. 31. On October 29, 2021, Petitioner informed me that he had not yet conveyed a demand to Respondent because a disagreement had arisen between Petitioner and Petitioner's counsel. ECF No. 32.

Then, approximately two months later - on January 7, 2022 - Respondent filed his Rule 4(c) Report, opposing compensation in this case. ECF No. 34. Emphasizing that Petitioner did not report or seek treatment for his left shoulder pain until eight months post-vaccination and did not consistently attribute his pain to the flu vaccine he received, Respondent argued that Petitioner has failed to establish that the onset of his left shoulder pain began within 48 hours of vaccination. *Id.* at 8 (citing Exhibit 3 at 9 and Exhibit 5 at 2); *see* 42 C.F.R. § 100.3(c)(10)(ii) (2017) (pain onset requirement); 42 C.F.R. § 100.3(a)(XIV)(B) (requiring the first symptom or manifestation of onset within 48 hours of vaccination for a SIRVA injury following receipt of a flu vaccine). Respondent also noted that the physician who first treated Petitioner opined that his left shoulder pain was likely due to a rotator cuff strain and not the vaccine he had received. Rule 4(c) Report at 8 (citing Exhibit 3 at 10).

During a status conference held on March 4, 2022, Petitioner's counsel reported that he had attempted to reach Petitioner via multiple means but had received no response. *See* Minute Entry, dated Mar. 10, 2022. In recent email communication to the

---

[3] Rather than an affidavit, Petitioner filed a declaration signed under penalty of perjury as required pursuant to 28 U.S.C.A. § 1746.

court, Petitioner's counsel indicated that Petitioner has remained unresponsive over the past five months.

Accordingly, on August 19, 2022, I issued an order to show cause ("Order"), reminding Petitioner of his duty to communicate with Petitioner's counsel and to respond to court orders. Order at 1, ECF No. 35. I instructed Petitioner's counsel to forward copies of the Order to Petitioner by regular and certified mail. Petitioner has, however, failed to respond by the September 19, 2022 deadline set in the Order. *Id.*

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Tsekouras v. Sec'y of Health & Hum. Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in the August 2022 Order that his failure to follow court orders (and specifically in this case the failure to communicate with his counsel by September 19, 2022) risked dismissal of the claim. Because Petitioner has continued to disregard my orders, without justification or explanation, dismissal is now appropriate.

## Conclusion

Accordingly, for the reasons stated above, this case is DISMISSED for failure to prosecute. Petitioner's counsel shall provide a copy of this Decision to Petitioner by regular, certified, and electronic mail. The Clerk of Court shall enter judgment accordingly.[4]

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master